(No. 81-CV-0569-

*In re* APPLICATION OF VIRGIL DRAGOS.

*Order filed December 14, 1981.*

VIRGIL DRAGOS, *pro se,* for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on June 17, 1980. Virgil Dragos, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on January 21, 1981, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based on these

documents and other evidence submitted to the Court, the Court finds:

1. That on June 17, 1980, the Claimant alleges that an unknown offender entered his apartment and hit him over the head with a bottle during the course of a robbery. Subsequent police investigation revealed that the Claimant had procured a female impersonator, thinking that he was a prostitute. The Claimant then took the individual to his apartment. When the Claimant realized that the offender was a female impersonator, the offender hit him over the head with a bottle and robbed him. The incident occurred in the Claimant's apartment located at 5900 N. Sheridan Road, Chicago, Illinois. The Claimant was taken to Edgewater Hospital and admitted for treatment. The offender has not been apprehended to date.

2. That the Claimant seeks compensation for loss of earnings.

3. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced according to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

4. That it appears from the investigatory report and the police report that the Claimant's injury was substantially attributable to the unlawful act of soliciting for a prostitute. Soliciting for a prostitute is an illegal act in violation of the Illinois Criminal Code. Ill. Rev. Stat. 1977, ch. 38, par. 28—1.

5. That without addressing the merits of other issues raised in the investigatory report, the Claimant's conduct contributed to his injury to such an extent as to warrant that the Claimant be denied entitlement to compensation.

It is hereby ordered that this claim be, and is hereby denied.